**WO**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Scott Smith, | No. CV-17-01220-PHX-DLR (ESW) |
| Plaintiff, | **REPORT** |
| v. | **AND RECOMMENDATION** |
| Elena Baskas, et al., | |
| Defendants. | |

**TO THE HON. DOUGLAS L. RAYES, UNITED STATES DISTRICT JUDGE:**

Plaintiff Jeremy Scott Smith, who was confined in the Arizona State Prison Complex (ASPC)-Lewis, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1).   The Court ordered Defendant Ende to answer Count One of the Complaint and dismissed the remaining claims and Defendants without prejudice. (Doc. 6 at 8).   In its screening Order, the Court instructed the Plaintiff that "Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.   Plaintiff must not include a motion for other relief with a notice of change of address.   Failure to comply may result in dismissal of this action." (*Id.* at 7).   Plaintiff is assumed to have received the screening Order as he prepared and sent a service packet as directed to the Clerk of Court.  (Doc. 8).

On September 11 and 12, 2017, the Court received Notices of Electronic Filing from ASPC-Lewis Complex stating: "Hello.   This inmate has been released from our custody and is not at Lewis Complex to receive this E-file." (Docs. 10, 11).   The Court

thereafter issued a Scheduling Order on September 15, 2017 (Doc. 12) that was also returned as undeliverable with the notations "Inmate Released" and "Inmate no longer in custody" on the returned mailing envelop. (Doc. 13).

Defendant Ende filed Notices of Service of Discovery in October 2017 and January 2018. (Docs. 14, 15). Defendant Ende filed a Motion for Summary Judgment on March 12, 2018. (Doc. 16). A Rand Warning was sent to the Plaintiff on March 13, 2018, directing the Plaintiff to file a response to the Motion for Summary Judgment no later than April 16, 2018. (Doc. 18 at 3). The Order was returned as undeliverable with the notation "Inmate no longer in custody" on the mailing envelop. (Doc. 19).

No response has been filed to the Motion for Summary Judgment as of the date of this Order. Nor has Plaintiff filed a change of address as required.

## I. DISCUSSION

Plaintiffs have the general duty to prosecute their case. *See Fidelity Phila. Trust Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978) ("It is a well established rule that the duty to move a case is on the plaintiff and not on the defendant or the court."). "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). A plaintiff's failure to keep the Court informed of his address constitutes a failure to prosecute.

Federal Rule of Civil Procedure 41(b) provides that "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case sua sponte for failure to prosecute, even though the language of Federal Rule of Civil Procedure 41(b) appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a pleading for failure to prosecute even without notice or hearing. *Link*, 370 U.S. at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to keep the Court informed of his current address prevents the case from proceeding in the foreseeable future. A Motion for Summary Judgment has now been filed, and response time has passed. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. The undersigned finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as adjudication upon the merits "[u]nless the dismissal order states otherwise." The Court may dismiss the case without prejudice. However, Defendant Ende has filed a Motion for Summary Judgment requesting dismissal with prejudice. (Doc. 16 at   17). Plaintiff has not responded.

Plaintiff was released from custody sometime in September 2017. He has not informed the Court of his new address despite having been ordered to do so. Mail to Plaintiff has been returned and cannot be forwarded. An order to show cause would be futile. Plaintiff clearly has abandoned his case. The undersigned will recommend dismissal of Plaintiff's Complaint (Doc. 1) with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41 (b).

## II. CONCLUSION

For the reasons set forth herein,

**IT IS RECOMMENDED** that the Complaint (Doc. 1) be dismissed with prejudice for Plaintiff's failure to comply with the Court's Orders and to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a) (1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 17th day of April, 2018.

_____

Eileen S. Willett
United States Magistrate Judge

- 4 -